# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 17-CV-2519-WJM-GPG

CITIZENS FOR A HEALTHY COMMUNITY,

HIGH COUNTRY CONSERVATION ADVOCATES,

CENTER FOR BIOLOGICAL DIVERSITY,

WILDEARTH GUARDIANS, and

WILDERNESS WORKSHOP,

    Plaintiffs,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT,

RYAN ZINKE, in his official capacity as Secretary of the Interior,

DANA M. WILSON, in her official capacity as Acting Southwest District Manager, UNITED STATES FOREST SERVICE,

SONNY PERDUE, in his official capacity as Secretary of Agriculture, and

SCOTT G. ARMENTROUT, in his official capacity as Forest Supervisor,

    Defendants,

&

SG INTERESTS I, LTD. and SG INTERESTS VII, LTD.,

    Intervenor-Defendants.

## ORDER REGARDING SG INTERESTS' MOTION TO SET DEADLINE FOR REQUESTS FOR PRELIMINARY RELEIF AND REQUEST FOR EXPEDITED CONSIDERATION

This matter comes before the Court on the SG's motion for an order requesting that the Court set a date by which Plaintiffs must file for a preliminary injunction pursuant to Fed.R.Civ.P. 65 (Rule 65) or other similar interim relief (ECF #30)[1], (which was referred to this Magistrate Judge (ECF #37))[2], and Plaintiffs' (Conservation Groups) response (ECF # 41). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. Oral argument is not necessary to resolve this discrete issue. For the following reasons, I DENY the motion.

Plaintiffs bring suit seeking declaratory and injunctive relief against the Defendants for alleged violations of the National Environmental Policy Act 42 U.S.C. §§ 4321 *et seq.* ("NEPA") (ECF #14, p. 2). Plaintiffs seek to stop construction of up to 33 new well pads, 146 new natural gas wells, and 4 new waste-water disposal wells potentially forthcoming due to the BLM's decision to approve the Bull Mountain Unit Master Development Plan. *Id.* These proposed natural gas activities are slated to take place 30 miles northeast of the Town of Paonia. *Id.* at p. 3. The Bull Mountain Unit MDP consists of approximately 19,670 acres of federal and private subsurface mineral estate. *Id*.

---

[1] "(ECF #30)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

SG Interests, the anticipated developer of a significant portion of the Bull Mountain project, moved to intervene (ECF #24) and was allowed to intervene (ECF #26). Over the course of the winter of 2017/18, discussions have occurred with regard to SG's intent to begin some drilling operations in the Bull Mountain Unit during the 2018 drilling season (ECF #30, pp. 4-5). The parties (Plaintiffs and SG) attempted to reach some compromise as to the number of wells that SG could drill without triggering a request for preliminary injunction from Plaintiffs (Plaintiffs' response (ECF #41, p. 4)). Those negotiations broke down somewhere between 2 and 6 wells, with the parties unable to agree on an appropriate number. *Id*. at p. 5.

Now, citing no legal authority for their proposition, SG moves the Court for an Order essentially requiring Plaintiffs to either file or forego any opportunity to seek preliminary injunctive relief (seeking a filing deadline of March 2, 2018) (ECF #30, p. 8). While the requested date has now passed (SG filed its motion on 2/23 essentially making it impossible to get an informed Order out prior to the requested deadline) the issue is not moot as the Court construes the motion as requesting a firm deadline, not necessarily limited to March 2, 2018.

The equities of SG's request are apparent. If SG is going to begin drilling in the Bull Mountain Unit, it will be in the position of expending significant resources: financial; human; and opportunity costs (ECF #30, p. 7). As the Bull Mountain Unit is high in the North Fork Valley, the drilling season is short and decisions need to be made forthwith (ECF #30). *See also* Amended Complaint, ECF #14. For those reasons, SG would like to have some certainty that, should drilling commence, it will not immediately be interrupted by a preliminary injunction. However, that is not a certainty the Court can provide.

Rule 65 has no temporal limitation written into its black letter law. It is certainly within the preview of the Court to control its own docket by setting limitations as to filing and other deadlines. *See generally* Fed.R.Civ.P. 16. Yet, Plaintiffs set forth numerous compelling reasons why setting such a deadline would not be appropriate in this circumstance: (1) Plaintiffs' need to review the administrative record prior to determining the efficacy of filing such a request (ECF #41, p. 6); unknown impacts during the drilling process which may necessitate a preliminary injunction request (ECF #41, p. 7); or (3) unknown factors which may arise later in the case (ECF #41, p. 7). Acknowledging that all these possibilities and more may lead to a later need to request preliminary injunctive relief, the Court is unwilling to set a deadline for filing or requesting such relief.

However, to some significant extent, Plaintiffs are on notice. As correctly cited by Plaintiffs in their response, "irreparable harm" is one of the four factors that the Court must consider in determining whether to impose a preliminary injunction. ECF #41, p. 6 (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208-09 (10th Cir. 2009) (additional citation removed). And while delay, in and of itself, is not a proper basis for denying a preliminary injunction, it is to be considered as part of the analysis of the irreparable harm prong. *See Gordon v. Holder*, 632 F.3d 722, 724 (U.S. App. D.C. 2011) (collecting cases).

So, should SG proceed with its current stated plan of drilling 6 wells during the 2018 season and should Plaintiffs choose to file for a preliminary injunction after commencement of that process, the Court will consider the equities of the situation at that time. While there may be good and proper reasons for a delay (and perhaps no such motion will ever be filed), it may be incumbent on Plaintiffs to later justify any delay as set forth above and failure to so justify could be fatal to a later preliminary injunction request.

Therefore, for the foregoing reasons, SG's motion is DENIED.

Dated at Grand Junction, Colorado, this March 11, 2018.

Gordon P. Gallagher

United States Magistrate Judge