**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02519-LTB-GPG

CITIZENS FOR A HEALTHY COMMUNITY, *et al.*;

      Petitioners,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, *et al.*;

      Federal Defendants.

---

## PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS

---

Plaintiffs Citizens for a Healthy Community, High Country Conservation Advocates, Center for Biological Diversity, WildEarth Guardians, and Wilderness Workshop (together "Citizen Groups") and Federal Defendants Bureau of Land Management, *et al.* (together "BLM") have met and conferred with respect to this motion. Concurrent with the filing of this motion, the parties have filed a Joint Motion for a Continuance and to Stay Proceedings Related to Plaintiffs' Motion for Attorney Fees, Costs, and Other Expenses Under the Equal Access to Justice Act ("EAJA"), in which they request a continuance and to stay proceedings on this motion for 60 days, or until May 8, 2020, in order to facilitate settlement talks. Accordingly, Citizen Groups and BLM will endeavor to settle fees, costs, and litigation expenses. If they are unable to settle this matter, Citizen Groups will then file an amended motion under EAJA.

Ultimately, Citizen Groups will seek an order granting them their fees, costs, and litigation expenses in this matter pursuant to Local Rule 54 and EAJA. 28 U.S.C. § 2412(d). At this time, Citizen Groups respectfully request that this Court award them $217,797.00 in attorneys' fees and $565.54 in costs, for a total of $218,362.54 in fees and costs.

This motion is based the memorandum of points and authorities in support of this motion, the declarations and timesheets attached as exhibits in support of this motion, and all papers and records on file with the Clerk or which may be submitted before or at the time of the hearing, and any further evidence that may be offered.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

Plaintiffs, five conservation organizations, filed this lawsuit on October 20, 2017 to challenge BLM's decision to approve the Bull Mountain Unit Master Development Plan ("Bull Mountain MDP") and Environmental Impact Statement ("EIS"), approving 146 oil and gas well and 4 waste-water disposal wells. Citizen Groups then filed an amended complaint on January 16, 2018, whereby, in addition to the Bull Mountain MDP, they also challenged BLM and the U.S. Forest Service's approval of 25 adjacent oil and gas wells ("25-well Project") and associated Environmental Assessment ("EA"). Plaintiffs alleged violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.,* and its implementing regulations, made reviewable pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* On March 27, 2019, the district court granted Citizen Groups' claims in part and directed the parties to confer and attempt to reach an agreement as to appropriate remedies. Dkt. 53. Remedies negotiations between the Parties were unsuccessful, requiring additional briefing. On December 10, 2019, the Court issued a remedies Order, remanding to the agencies further analysis of the reasonably foreseeable indirect impacts of oil and gas, suspending all related APDs that have been approved, and enjoining the agencies from issuing any additional APDs until the remanded analysis is complete. Dkt. 73.

1

## II.     STANDARD

Pursuant to EAJA, a court shall award fees and costs to a prevailing party who is eligible for an EAJA fee award unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d).

## III.    CITIZEN GROUPS ARE ENTITLED TO FEES AND COSTS PURSUANT TO EAJA

### A.     Citizen Groups Are Eligible Under EAJA

The Tenth Circuit has noted that "EAJA was enacted to ensure people would not be deterred from seeking review of, or defending against, unreasonable government action because of the expense involved in pursuing their rights." *Pettyjohn v. Shalala*, 23 F.3d 1572, 1575 (10th Cir. 1994). EAJA provides that "a court shall award" fees, costs, and other expenses to a prevailing party who is eligible for an EAJA fee award, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party is eligible for attorneys' fees, costs, and other expenses pursuant to EAJA if it: (1) is a "prevailing party"; that (2) incurred costs of litigation against the federal government; and (3) meets applicable size, net worth, or other criteria. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(B).

Citizen Groups satisfy the first criterion for eligibility under EAJA because all are a "prevailing party." A party is a "prevailing party" under EAJA if it succeeds on any significant issue in litigation and achieves some of the benefits it sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983). Here, Citizen Groups are unquestionably prevailing parties as they prevailed on their claims on the merits.

Further, Plaintiffs achieved the result they sought: a ruling that BLM "acted in an arbitrary and capricious manner and violated NEPA by not taking a hard look at the foreseeable indirect effects resulting from the combustion of oil and gas in the EIS and EA. Defendants must quantify and reanalyze the foreseeable indirect effects [of] the emissions." Dkt. 53 at 18. The relief Citizen Groups obtained—a remand of the challenged EIS and EA, suspension of approved APDs, and injunction of BLM approving additional APDs (Dkt. 73 at 5)—surpasses the

requirement that they achieve some of the relief they sought and, accordingly, they are "prevailing part[ies]" pursuant to EAJA. *See, e.g., Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573, at *2 (D. Colo. June 26, 2013) (ruling that party "prevails" under EAJA when it obtains success on the merits under NEPA, and relief).

Citizen Groups also satisfy the second criterion for eligibility: they incurred costs of litigation—including attorneys' fees, costs, and other expenses—in a judicial proceeding against a federal agency.

Each of the five individual plaintiffs also satisfy the third criterion for eligibility related to IRS 501(c)(3) status. *See* 28 U.S.C. § 2412(d)(2)(B) (stating standard).

**B.    BLM's Position Was Not Substantially Justified**

"Once a party's eligibility has been proven, an award of fees is mandatory pursuant to EAJA unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (*citing* 28 U.S.C. § 2412(d)(1)(A)). Here, BLM bears the burden of proving that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). BLM must make a "strong showing" in order to meet its burden. *Nat. Res. Def. Council v. Envt'l Prot. Agency*, 703 F.2d 700, 712 (3rd Cir. 1983) (citing H.R. Rep. No. 1418 at 16, 18, 96th Cong., 2nd Sess. 8-9, *reprinted in* 1980 U.S. Code Cong. & Ad. News 4953, 4984, 4986-88).

To determine if an agency's position was substantially justified, the court considers the reasonableness of the underlying government action and the position asserted by the agency in defending its validity. *Hackett v. Barnhart*, 475 F.3d 1166, 1170-72 (10th Cir. 2007); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 n.7 (1990) (noting that Congress intended to provide for fees when unjustifiable agency action forces litigation, even when agency tries to avoid liability by reasonable behavior during litigation). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874-75 (9th Cir. 2005) (citation omitted).

Here, BLM cannot meet its burden of proving that its actions and litigation position were substantially justified. The Court applied a straightforward reading of the Council on Environmental Quality's NEPA regulations to determine that BLM "acted in an arbitrary and capricious manner and violated NEPA by not taking a hard look at the foreseeable indirect effects resulting from the combustion of oil and gas in the EIS and EA. Defendants must quantify and reanalyze the foreseeable indirect effects [of] the emissions." Dkt. 53 at 18. BLM was therefore not substantially justified in its decision to approve the Bull Mountain MDP or the 25-well Project.

C.     **No Special Circumstances Exist that Would Make an Award Unjust**

The "special circumstances" exception to eligibility under EAJA is a "'safety valve' [that] … gives the court discretion to deny awards where equitable considerations dictate an award should not be made." H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 5, 11, *reprinted in* 1980 U.S.C.C.A.N. 4984, 4990. "The burden of proving special circumstances … rests with the government." *Love*, 924 F.2d at 1495. There are no special circumstances in this case that would make an award unjust. *Cf. Meinhold v. U.S. Dept. of Defense*, 123 F.3d 1275, 1277 n.1 (9th Cir. 1997) (noting that the court considered a party's "bad faith" in its consideration under EAJA).

IV.     **CITIZEN GROUPS SEEK REASONABLE HOURLY RATES**

A.     **Citizen Groups Are Entitled to Enhanced Rates under EAJA**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. EAJA provides that a court shall award "reasonable attorney fees" to prevailing parties. 28 U.S.C. § 2412(d)(2)(A). EAJA sets a base rate of $125 per hour but provides that a court may award higher rates if it "determines that an increase in the cost of living or a special factor … justifies a higher fee." *Id.*

In general, courts defer to the billing judgment of the prevailing party's attorneys. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (courts should "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). However, a

4

prevailing party's attorneys must omit non-compensable time. *Hensley*, 461 U.S. at 437. The defending federal agency has the burden of showing that any claimed time is unreasonable. *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984). Once a fee applicant has filed evidence to support its claimed time, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d, 1392, 1397–98 (9th Cir. 1992).

"Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. 435. Recognizing that the EAJA rates might be too low in some instances to enable a litigant to obtain competent legal representation, EAJA provides for fee enhancements where special factors, such as the limited availability of qualified attorneys for the proceedings, are present. In *Pierce v. Underwood*, 487 U.S. 552, 572 (1988), the Supreme Court clarified that reimbursement above the EAJA rate is allowed where an attorney is "'qualified for the proceedings' in some specialized sense." According to the Supreme Court, this "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). The Ninth Circuit has held that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496. Further, "the combination of substantive legal knowledge and litigation expertise" necessary for litigation in environmental law "is found almost exclusively" in public interest environmental law firms. *Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989).

A prevailing party seeking enhanced attorneys' fees under EAJA must satisfy three tests: (1) the attorneys must possess some distinctive knowledge and skills developed through a practice specialty; (2) those distinctive skills must be needed in the litigation; and (3) those skills must not be available elsewhere at the statutory rate. *Love*, 924 F.2d at 1496. As summarized below and detailed in the accompanying declarations, Citizen Groups' attorneys possess

5

distinctive knowledge and skills regarding environmental and administrative law. Citizen Groups' attorneys have extensive experience with federal statutes governing oil and gas development on federal and tribal lands, including the Mineral Leasing Act, as well as the federal permitting program for federal and tribal minerals. Citizen Groups' attorneys also have expertise with respect to issues of law and procedure under the APA, and the interplay between environmental and administrative law.

        **1.**       **Citizen Groups' attorneys possess distinctive knowledge and skills needed in this litigation that are unavailable elsewhere at the statutory rate**

As detailed in attached declarations, Citizen Groups' attorneys each possess distinctive knowledge and skills that were needed in the litigation and were unavailable elsewhere at the statutory rate. *See Love*, 924 F.2d at 1496 (stating standard); *Pollinator Stewardship Council v. U.S. EPA*, No. 13-72346, 2017 WL 3096105, at \*\*2-7 (Ninth Cir. June 27, 2017) (applying standard and awarding enhanced fees).

        **a.**       **Kyle Tisdel**

Kyle Tisdel has practiced exclusively state and federal environmental, land use, and property law for 15 years. Declaration of Kyle Tisdel (attached as Exhibit A). Mr. Tisdel is a 2002 graduate of Michigan State University and a 2005 graduate of Vermont Law School, where he was Editor-in-Chief of the Vermont Journal of Environmental Law. Mr. Tisdel practiced law with a private law firm in the state of Washington, and as a solo practitioner, before joining Western Environmental Law Center in 2011 as a staff attorney. Mr. Tisdel's practice focuses on federal and state court environmental litigation, and he also serves as Director of the Climate & Energy Program at Western Environmental Law Center. Mr. Tisdel routinely presents at continuing legal education seminars on environmental law, in particular on topics relating to public lands, oil and gas leasing and development, tribal and cultural interests, as well as greenhouse gas emissions and climate change. Mr. Tisdel has prosecuted many successful environmental cases as lead counsel in state and federal courts throughout the West.

### b.      Laura H. King

Laura King has practiced exclusively state and federal environmental law since 2013. She is a 2013 graduate of Harvard Law School, where she was an editor on the Harvard Environmental Law Review and a research assistant in Harvard's environmental law clinic. Ms. King also taught environmental law at Boston College, and contributed over 1,600 hours of pro bono work on environmental litigation, including on oil and gas issues, while in law school. Ms. King has presented at multiple continuing legal education seminars. Ms. King joined Western Environmental Law Center in 2013 as a Maria, Gabriella and Robert A. Skirnick Public Interest Law Fellow, and became a staff attorney the following year. Since November 2014, Ms. King has been developing a practice specialty with regard to oil and gas litigation.

### c.      Allison Melton

Allison Melton has exclusively practiced state and federal environmental law since 2013, and started actively litigating such cases in the Fall of 2012. Declaration of Allison Melton (attached as Exhibit B). She is a 2012 graduate from the University of Colorado School of Law and focused her course work and internships on federal environmental law. Since graduating, Ms. Melton has developed a deep understanding of public land management and agency decision-making processes. Prior to joining the Center for Biological Diversity in 2017 as a staff attorney, Ms. Melton was the public lands program director at High Country Conservation Advocates, a plaintiff in this case, and, consequently, has worked on this issue since 2013 in both the administrative and litigation processes. Ms. Melton has presented at multiple continuing legal education seminars discussing federal public land, mineral, and oil and gas laws. Ms. Melton's expertise in public lands and oil and gas law, which are subsets of environmental law, in addition to her knowledge of the Gunnison National Forest and Bureau of Land Management Uncompahgre Field Office, is unique.

### 2.      Citizen Groups Seek Reasonable Hourly Rates

As demonstrated above, Citizen Groups' counsel are entitled to market rates in Denver, Colorado for their time spent prosecuting this litigation. To ensure that they seek market rates in the forum of Denver, Citizen Groups consulted with attorneys who regularly practice federal environmental and administrative law in that forum, and reviewed fee award decisions from the District of Colorado *See, e.g., Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1080 (D. Colo. 2015) ("A 'reasonable rate' is defined as the prevailing market rate in the relevant community for an attorney of similar experience.") (citing *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.,* 295 F.3d 1065, 1078 (10th Cir.2002); *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir.1996)).

Citizen Groups determined that the following rates represent market rates in the Denver area for attorneys with a practice specialty in federal environmental and administrative law, based on years of experience:

- Kyle Tisdel is entitled to $435 hourly for 2017; $445 hourly for 2018; and $455 hourly for 2019.

- Laura H. King is entitled to $355 hourly for 2017; $365 hourly for 2018; and $375 hourly for 2019.

- Allison Melton is entitled to $355 hourly for 2017; $365 hourly for 2018; and $375 hourly for 2019.

## V.    CITIZEN GROUPS SEEK REASONABLE TIME

Citizen Groups seek a reasonable amount of time spent by their attorneys in prosecuting this litigation. WELC attorneys' timesheets are attached as Exhibit 1, and Ms. Melton's timesheets are attached as Exhibit 2. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Ninth Circuit has held that "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

8

Citizen Groups' attorneys have gone through their timesheets and applied billing judgment to omit time that is arguably non-compensable. Additionally, at the juncture of this motion, Citizen Groups' attorneys have not included their time preparing a settlement letter and this motion, and pursuing settlement. If they are unable to settle, however, those amounts of time will be included in an amended motion. *Sorenson v. Concannon*, 161 F. Supp. 2d 1164, 1169 (D. Or. 2001) (time spent attempting to settle fees is compensable).

The following table applies the hourly rates requested above to the time for which compensation is sought:

| Kyle Tisdel | Time | Rate | Total |
|---|---|---|---|
| 2017 | 30.9 | $435 | $13,441.50 |
| 2018 | 118.9 | $445 | $52,910.50 |
| 2019 | 13.2 | $455 | $6,006.00 |
| **TOTAL** | **163.0** | | **$72,358.00** |

| Laura H. King | Time | Rate | Total |
|---|---|---|---|
| 2017 | 25.0 | $355 | $8,875.00 |
| 2018 | 214.4 | $365 | $78,256.00 |
| 2019 | 22.4 | $375 | $8,400.00 |
| **TOTAL** | **261.8** | | **$95,531.00** |

| Allison Melton | Time | Rate | Total |
|---|---|---|---|
| 2017 | 33.5 | $355 | $11,253.50 |
| 2018 | 82.5 | $365 | $29,617.00 |
| 2019 | 24.1 | $375 | $9,037.50 |
| **TOTAL** | **140.1** | | **$49,908.00** |

**TOTAL ATTORNEYS' FEES: $217,797.00**

## VI.   CITIZEN GROUPS ARE ENTITLED TO RECOVER THEIR COSTS AND EXPENSES

EAJA authorizes a court to award "costs" as enumerated at 28 U.S.C. § 1920, as well as "other expenses," 28 U.S.C. § 2412(a)(1) & (d)(1)(A). "[T]he [other] expenses enumerated in [subsection (d)] are set forth as examples rather than as an exclusive list" and "routine" expenses "billed to the client in the normal course of business and [] allowed under other fees statutes" are

9

compensable; a contrary reading of EAJA "would contravene the purpose of EAJA to make competent legal representation available to the parties in litigation against the government." *Nat'l Labor Relations Bd. v. Pueblo of San Juan*, 305 F. Supp. 2d 1229, 1233 (D. N.M. 2003); *accord Int'l Woodworkers of America v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986) (ruling that "other expenses" under EAJA include "expenses normally billed to a client," such as telephone calls, postage, and attorney travel expenses).

Here, Citizen Groups seek **$565.54** in combined costs and expenses, including filing fees, copying, and postage, as well as travel and lodging, as detailed in the attached PDFs.

## VII.   CONCLUSION.

As detailed in the attached timesheets, Citizen Groups respectfully request that this Court award them $217,797.00 in attorneys' fees and $565.54in costs, for a total of **$218,362.54** in fees and costs.

RESPECTFULLY SUBMITTED this 9th day of March, 2020.

/s/ Kyle J. Tisdel
Kyle J. Tisdel
tisdel@westernlaw.org
WESTERN ENVIRONMENTAL LAW CENTER
208 Paseo del Pueblo Sur, Suite 602
Taos, New Mexico 87571
(p) 575.613.8050

*Counsel for Plaintiffs*

/s/ Allison N. Melton
Allison N. Melton, CO Bar No. 45088
Center for Biological Diversity
P.O. Box 3024
Crested Butte, CO 81224
(970) 309-2008
amelton@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on March 9, 2020, I electronically filed the foregoing PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Kyle Tisdel
Western Environmental Law Center
Counsel for Plaintiffs

11